QUESTION: Does the exemption provided for in s. 196.081, F. S., as amended by Ch. 76-163, Laws of Florida, apply in those situations where an ex-serviceman is certified to be totally and permanently disabled at some time subsequent to the date of discharge from the service?
SUMMARY: A veteran with service-connected total and permanent disability who otherwise qualifies for the tax exemption provided for in s. 196.081(1), F. S., as amended by Ch. 76- 163, Laws of Florida, by meeting all the conditions and requirements found therein would be entitled to such exemption whether or not the requisite letter from the United States Government or the United States Veterans' Administration or its successors, certifying that the exserviceman was totally and permanently disabled, was written prior to, at the time of, or subsequent to the date such veteran was honorably discharged from the service. Your question is answered in the affirmative. Section 196.081(1), F. S., as amended by Ch. 76-163, Laws of Florida, provides: Any real estate used and owned as a homestead by a veteran, honorably discharged with service-connected total and permanent disability and having a letter from the United States Government or United States Veterans' Administration or its successors certifying that the exserviceman is totally and permanently disabled, shall be exempt from taxation, provided the veteran was a permanent resident of the state on January 1, 1976, or a permanent resident of the state for a period of not less than 5 years as of January 1 of the tax year for which exemption is being claimed. (Emphasis supplied.) It is common knowledge that there are numerous occasions when service-connected disabilities are determined after the serviceman is discharged. Service-connected disabilities may not be discovered or known at the time of discharge, and in some situations it is common that, even though service injuries are known, recovery is thought to be complete, so that at the time of discharge no disability is recorded. In other situations the disability is known and acknowledged for the amount or percentage of disability recorded at the time of discharge and is later changed if the disability becomes more pronounced. The statute was designed to embrace all such situations and to grant the exemption found therein to such honorably discharged veterans regardless of whether the certification of total and permanent service-connected disability is made at the time of discharge or later. The statute does not require that the certification occur at any given point in time. The only provisos found in the statute are as follows: . . . provided the veteran was a permanent resident of the state on January 1, 1976, or a permanent resident of the state for a period of not less than 5 years as of January 1 of the tax year for which exemption is being claimed. [Section 196.081(1).] There is no proviso or condition requiring that the certification of total and permanent service-connected disability occur prior to or at the time of discharge. Had the Legislature intended to require such a condition, it could have easily done so, but it did not. It is well settled that the legislative intent is to be gleaned primarily from the language employed in the statutes and that the courts can neither add to nor detract from the language employed by the Legislature in statutes. See 82 C.J.S. Statutes s. 322, at p. 582, wherein it is stated: The court cannot indulge in speculation as to the probable or possible qualifications which might have been in the mind of the legislature, or assume a legislative intent in plain contradiction to words used by the legislature, and need not search for the reasons which prompted the legislature to enact the statute. (Emphasis supplied.) Continuing therein at p. 583: An unambiguous statute must be given effect according to its plain and obvious meaning, and such unambiguous statute cannot be extended beyond its plain and obvious meaning, or restricted to, or confined in operation within, narrower limits or bounds than manifestly intended by the legislature, because of some supposed policy of the law, or because the legislature did not use proper words to express its meaning, otherwise the court would be assuming legislative authority. In construing a statute expressed in reasonably clear language, the court should neither read in nor read out; and where a law is plain, unambiguous, and explicit in its terms, the exceptions are few indeed that authorize a court to read something into it that the law writers did not themselves put therein. (Emphasis supplied.) The conditions which must be met are clearly spelled out by the Legislature and may be stated as follows: The involved real estate which can be the subject of such exemption must be used and owned as a homestead by a veteran. Such veteran must be honorably discharged. Such veteran must have service-connected total and permanent disability. Such veteran must have a letter from the United States Government or the United States Veterans' Administration or its successors certifying that the ex-serviceman is totally and permanently disabled. If these conditions are met, such veteran is entitled to the exemption, provided he was a permanent resident of the state on January 1, 1976, or a permanent resident of the state for a period of not less than 5 years as of January 1 of the tax year for which exemption is being claimed. Rule 12D-7.04(2) is in accordance with the conclusions advanced herein, and such departmental rules are to be given great weight until invalidated by a court of competent jurisdiction. Accordingly, inasmuch as the statute does not require that a veteran be totally and permanently disabled and have a letter certifying same from the appropriate federal agency prior to or at the time of discharge, a veteran meeting the other conditions and requirements set forth in the statute and having a letter from the United States Government or the United States Veterans' Administration or its successors certifying that the ex-serviceman is totally and permanently disabled (service connected) would be entitled to the homestead tax exemption provided for in the statute.